The Honorable Timothy W. Dore
Chapter 13
Hearing Date: September 3, 2025
Hearing Time: 9:30 AM
Location: Seattle Federal Courthouse
Courtroom 8106
700 Stewart St. 8th Floor
Seattle, WA 98101
Response date: August 27, 2025

# UNITED STATES BANKRUPTCY COURT
# FOR DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re: | Case No.: 25-11668-TWD |
| HANS T LAMBERT, | CHAPTER 13 |
| Debtor, | REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY |

## I. INTRODUCTION

Movant Battsets Tengee submits this Reply in further support of her Motion for Relief from Stay concerning the property at 2841 SW Dakota Street, Seattle, Washington. Debtor's opposition asks the Court to ignore the recent developments in cases interpreting the instant fact pattern. The record demonstrates that Debtor retains, at most, "bare legal title and possession," insufficient to reorganize under Chapter 13, while Movant holds vested rights as a bona fide

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY- 1

ROI LAW FIRM pllc
1302 North I Street,
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11668-TWD    Doc 44    Filed 08/29/25    Ent. 08/29/25 13:01:56    Pg. 1 of 9

third-party purchaser at an unchallenged and valid nonjudicial trustee's sale.  Relief from stay is warranted under 11 U.S.C. § 362(d)(1) and (d)(2).

## II.     REPLY

a. The *Pim* Transcript Confirms Post-Sale Debtors Retain Only Minimal Interest

Judge Heston's oral ruling in *In re Pim*, Case No. 24-42622-MJH (Bankr. W.D. Wash. Mar. 13, 2025)[1], directly addressed this scenario in great detail. The Court held that although a debtor may retain some residual interest after a foreclosure sale if the trustee's deed has not yet been delivered, that interest amounts only to "bare legal title and possession" and does not support Chapter 13 reorganization. *Pim* Tr. 13:8–14:5. This is consistent with *In re Nelson*, No. 16-44597, 2017 WL 745595 (Bankr. W.D. Wash. Feb. 24, 2017), which the Ninth Circuit BAP cited in its recent *Sharp* opinion as illustrative of the proposition that there are only fleeting circumstances in which a debtor can reorganize against a third party foreclosure purchaser, even then the petition intercepts delivery of a deed.  The circumstance at bar is not narrow or fleeting. This office alone files this sort of motion on a regular basis, despite a precipitous drop in foreclosure sales over the last several years.

The Court further explained that § 1322(c)(1) cuts off a debtor's ability to cure once a foreclosure sale has occurred, regardless of whether the deed is delivered, because Congress adopted the "gavel rule." *Pim* Tr. 14:14–15:10. Judge Heston concluded that while a debtor technically holds an interest until the deed is delivered, purchasers may obtain relief from stay to

---

[1] The transcript is attached to the Goodstein Declaration and cited simply to page and line numbers. **Dkt. 21.**

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY- 2

**ROI LAW FIRM pllc**
1302 North I Street,
Tacoma, WA 98403
Tel:   (253) 753-1530
Fax:  (253) 753-1532

Case 25-11668-TWD    Doc 44    Filed 08/29/25    Ent. 08/29/25 13:01:56    Pg. 2 of 9

complete the sale since the debtor cannot reorganize around property already lost to foreclosure once the price is paid. *Pim* Tr. 18:7–19:15.

Thus, *Pim* (and *In re Nelson*) rejects the Debtor's strategy here—trying to preserve the property post-foreclosure solely to sell and split proceeds with his spouse. Lambert Decl. ¶ 8. **Dkt. 13.**

b. The *Sharp* Decision Controls And Favors Relief

The Ninth Circuit BAP's published decision in *In re Sharp*, 666 B.R. 906 (9th Cir. BAP 2025), governs this case. There, as here, the debtor filed after the foreclosure auction but before deed delivery. The BAP held that upon finalizing the sale (by way of court order for payment in that context), the secured claim is extinguished and there is "no claim to be addressed through the plan." *Sharp*, 666 B.R. at 922.

*Sharp*, and by extension, two other prior cases generally cited by Debtors[2] also underscores the distinction between the lender, which may still hold a claim if its debt is unpaid, and a third-party purchaser, who never has a claim at all. That distinction applies here. Movant Tengee paid the debt in full. No secured creditor remains. This is consistent with Washington State's differing treatment of insiders to the mortgage and third party borrowers. RCW § 61.24.040(11) (A conclusive evidentiary treatment of the Deed recitals as to third parties, lesser treatment as to lenders). The upshot of 61.24.040(11) is that foreclosed borrowers have some standing to litigate the merits of the sale after it happened against a lender, but no ability to do that against the third party purchaser. The Movant is a third party purchaser.

---

[2] *In re Betchan*, 524 B.R. 830 (Bankr. E.D. Wash. 2015) and *In re Lopez*, 596 B.R. 371 (Bankr. E.D. Wash. 2019).

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY- 3

**ROI LAW FIRM pllc**
1302 North I Street,
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Moreover, the purchaser in Sharp held only inchoate, defeasible title because it was a judicial foreclosure subject to redemption rights. Here, by contrast, Washington's Deed of Trust Act, RCW 61.24.050, provides that nonjudicial foreclosure sales are final upon acceptance of the bid, and no redemption right exists. Movant's title is therefore stronger because it is everything other than a bare legal title and a possessory interest. Movant's title is indefeasible and not subject to rescission under RCW 61.24.050. McDonald Decl. **Dkt. 22.** The Debtor's docket, as a whole, is not to the contrary. The Debtor has not alleged any defect in the sale in any form that the Debtor might do so.

   c. Debtor's Reliance On Fairbanks Is Misplaced

Debtor leans on *In re Fairbanks*, 2021 WL 3578937 (9th Cir. BAP 2021), but that case is not controlling here. In Fairbanks, the lender was also the movant. The third party purchaser did not participate in that case, its rights were not addressed nor accounted for. The court recognized a residual "claim" belonging to the lender: "Ms. Fairbanks might propose a plan that provides for her to pay off the secured claim by way of a new refinancing loan, that provides for a sale of the property, or that is based on another arrangement that Wilmington [the foreclosing lender] is willing to accept". *In re Fairbanks,* No. 3:20-BK-42304-BDL, 2021 WL 3578937, at *6 (9th Cir. BAP 2021) It was abundantly clear that the claim in *Fairbanks* is attendant to the movant's status as the former lender. Judge Heston expressly distinguished this situation in *Pim*, emphasizing that where a third-party purchaser tenders full payment, no claim remains to reorganize. *Pim*. 19:10–20:5.

Here, the foreclosure trustee accepted payment on June 13 and disbursed proceeds June 16, 2025. Debtor cannot point to any remaining obligation to cure or restructure. *Fairbanks*

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY- 4

ROI LAW FIRM pllc
1302 North I Street,
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11668-TWD    Doc 44    Filed 08/29/25    Ent. 08/29/25 13:01:56    Pg. 4 of 9

should be constrained to its facts because it simply does not address the rights of a third party purchaser, it was poorly argued by the movant lender and it is not published.

   d. RELIEF IS WARRANTED UNDER § 362(D)(1) AND (D)(2)

- **Cause under § 362(d)(1):** Movant's property rights are stalled while Debtor occupies without right. Adequate protection cannot be provided.

- **No equity under § 362(d)(2):** Debtor admits foreclosure eliminates his equity. Lambert Decl. ¶ 7.

- **Not necessary for reorganization:** Both *Pim* and *Sharp* hold that once a foreclosure sale has occurred and the secured debt is satisfied, there is no claim left to treat and no property necessary for a feasible plan. Pim Tr. 14:14–15:10; Sharp, 666 B.R. at 922.

It is agreed that the Debtor's reference to reconciliation with his spouse and a plan to sell the home are not relevant. Those arguments were raised in connection with his Motion to Extend Stay, and were relevant to that issue. They have no bearing on prospective relief from stay. Domestic circumstances cannot restore equity or undo foreclosure. They are immaterial to whether Movant may complete delivery of the deed.

### III. CONCLUSION

For the reasons stated, and consistent with Sharp, Pim, and Nelson, and the formidable property rights that attach to third party purchasers after Washington State's monthslong foreclosure process, the Court should grant Movant Battsets Tengee's Motion for Relief from Stay, waive the 14-day stay under Rule 4001(a)(3), and permit completion of the trustee's sale.

DATED this 29th day of August, 2025.

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY- 5

**ROI LAW FIRM pllc**
1302 North I Street,
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11668-TWD    Doc 44    Filed 08/29/25    Ent. 08/29/25 13:01:56    Pg. 5 of 9

|   |   |
|---|---|
| 1 | **ROI LAW FIRM, PLLC** |
| 2 | By: /s/ Seth Goodstein |
| 3 | Seth Goodstein, WSBA # 45091 |
|   | ROI Law Firm, PLLC |
| 4 | 1302 North I Street, Ste. C |
|   | Tacoma, WA 98403 |
| 5 | Telephone: 253-753-1530 |
|   | Fax: 253-753-1532 |
| 6 | *Attorneys for Battsets Tengee* |

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY- 6

**ROI LAW FIRM pllc**
1302 North I Street,
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

Case 25-11668-TWD    Doc 44    Filed 08/29/25    Ent. 08/29/25 13:01:56    Pg. 6 of 9

## Certificate of Service

On August 29, 2025, I obtained and download the Mailing Matrix of Creditors in this Case. Ex hereto. I served the foregoing document in this matter to those who are registered with the Court Court's ECF program:

United States Trustee
Chapter 13 Trustee
Debtor's Counsel
ECF Participants

And, deposited a copy of the same in the receptacle for the United States mail with postage prepaid addressed to:

Hans T Lambert
2841 SW Dakota Street
Seattle, WA 98126-2529

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 29th day of August, 2025 at Tacoma, Washington.

s/ Seth Goodstein
Seth Goodstein

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY- 7

**ROI LAW FIRM pllc**
1302 North I Street,
Tacoma, WA 98403
Tel: (253) 753-1530
Fax: (253) 753-1532

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0981-2<br>Case 25-11668-TWD<br>Western District of Washington<br>Seattle<br>Fri Aug 29 12:49:01 PDT 2025 | BECU<br>P.O. Box 97050<br>Seattle, WA 98124-9750 | Barclay's Bank Delaware<br>Post Office Box 8803<br>Wilmington, DE 19899-8803 |
| Boeing Employees C U<br>PO Box 97050<br>Seattle, WA 98124-9750 | Capital One<br>Post Office Box 31293<br>Salt Lake City, UT 84131-0293 | Capital One, N.A., successor by merger to Di<br>P.O. Box 3025<br>New Albany, OH 43054-3025 |
| Citibank<br>120 Corporate Boulevard<br>Norfolk, VA 23502-4952 | Citibank<br>320 E Big Beaver Road<br>Troy, MI 48083-1238 | Citibank/the Home Depot<br>Citicorp Cr Srvs/Centralized Bankruptcy<br>PO Box 790046<br>Saint Louis, MO 63179-0046 |
| Citibank/the Home Depot<br>PO Box 6497<br>Sioux Falls, SD 57117-6497 | (p)DSHS DIVISION OF CHILD SUPPORT<br>ATTN WASHINGTON STATE SUPPORT REGISTRY<br>PO BOX 11520<br>TACOMA WA 98411-5520 | Discover Financial<br>Attn: Bankruptcy<br>PO Box 3025<br>New Albany, OH 43054-3025 |
| Discover Financial<br>PO Box 30939<br>Salt Lake City, UT 84130-0939 | FHLMC VCP D90 209967<br>c/o NewRez LLC d/b/a Shellpoint Mortgage<br>PO Box 10826<br>Greenville, SC 29603-0826 | Goldman Sachs Bank USA<br>Attn: Bankruptcy<br>PO Box 70379<br>Philadelphia, PA 19176-0379 |
| Goldman Sachs Bank USA<br>PO Box 6112<br>Philadelphia, PA 19115-6112 | Seth Goodstein<br>ROI Law Firm, PLLC<br>1302 North I Street, Ste. C<br>Tacoma, WA 98403-2143 | Internal Revenue Service<br>Centralized Insolvency Operation<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 |
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 | Jpmcb<br>MailCode LA4-7100<br>700 Kansas Ln<br>Monroe, LA 71203-4774 | Jpmcb<br>PO Box 15369<br>Wilmington, DE 19850-5369 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Hans T Lambert<br>2841 SW Dakota Street<br>Seattle, WA 98126-2529 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 |
| Newrez<br>601 Office Center Drive<br>Fort Washington, PA 19034-3275 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Quality Loan Service Corporati<br>108 1st Avenue<br>Suite 202<br>Seattle, WA 98104-2538 |
| Quantum3 Group LLC as agent for<br>Credit Corp Solutions Inc<br>PO Box 788<br>Kirkland, WA 98083-0788 | Quantum3 Group LLC as agent for<br>Denali Capital<br>PO Box 788<br>Kirkland, WA 98083-0788 | Seattle Municipal Court C/O Harris & Harris,<br>111 W. Jackson Blvd. Ste. 650<br>Chicago, IL 60604-3589 |

| | | |
|---|---|---|
| Rochelle Shuffield<br>Shuffield Bankruptcy Law<br>14900 Interurban Avenue S<br>Ste 287<br>Tukwila, WA 98168-4688 | Nathan F J Smith<br>Malcolm & Cisneros ALC<br>2112 Business Ctr Dr 2nd Fl<br>Irving, CA 92612-7135 | United States Trustee<br>700 Stewart St Ste 5103<br>Seattle, WA 98101-4438 |
| Verizon<br>by AIS InfoSource LP as agent<br>PO Box 4457<br>Houston, TX 77210-4457 | (p)JASON WILSON AGUILAR<br>600 UNIVERSITY ST STE 1300<br>SEATTLE WA 98101-4102 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| DSHS Division of Child Support<br>PO Box 11520<br>Tacoma, WA 98411-5520 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | Jason Wilson-Aguilar<br>600 University St #1300<br>Seattle, WA 98101 |
| (d)Jason Wilson-Aguilar<br>600 University St #1300<br>Seattle, WA 98101 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Courtesy NEF | (u)Kevin Delashmutt | (u)NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVI |
| (d)Seattle Municipal Court C/O Harris & Harri<br>111 W. Jackson Blvd. Ste. 650<br>Chicago, IL 60604-3589 | (u)BATSETTS TENGEE | End of Label Matrix<br>Mailable recipients    34<br>Bypassed recipients     5<br>Total                  39 |